# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| **ROGER TWILLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:09-CV-00033 |
| | ) | |
| **INTERNATIONAL BEDDING CORPORATION,** | ) ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

This matter is before the Court on a motion to compel filed by Defendant International Bedding Corporation ("IBC"), requesting that the Court compel *pro se* Plaintiff Roger Twilley to produce copies of his 2007 and 2008 tax returns. (Docket # 27.) A hearing was held on the motion on September 10, 2009. (Docket # 31.) For the following reasons, the motion will be GRANTED.

### A. *Factual and Procedural Background*

Twilley brought this case under Title VII against his former employer, IBC, alleging that it retaliated against him by terminating his employment after he participated in another employee's discrimination complaint and joined a class action lawsuit against IBC. (Docket # 1.) Twilley seeks several types of damages in this suit, including lost wages. (*See* Pl.'s Answer to Def.'s First Set of Interrogs. No. 7.)

IBC sought discovery concerning Twilley's prior income and earnings by requesting copies of his tax returns for 2007 and 2008. (Def.'s First Req. for Produc. of Docs. No. 8.) However, Twilley refused to produce the requested returns, asserting that they were irrelevant to his case. (Pl.'s Answer to Def.'s First Req. for Produc. of Docs. No. 8.) After several

unsuccessful attempts to resolve the matter, IBC filed the instant motion to compel, requesting that the Court order Twilley to either produce copies of the tax returns or signed authorizations permitting the IRS to release them to IBC's counsel. (Docket # 27.)

### B. Standard on a Motion to Compel Discovery

Federal Rule of Civil Procedure 26(b)(1) permits discovery into "any nonprivileged matter that is relevant to any party's claim or defense . . . ." For the purpose of discovery, relevancy will be construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. Daimler Chrysler*, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Id*.

### C. Discussion

The "production of tax returns may be compelled where [a] litigant puts the amount of his income into issue." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 74-75 (7th Cir. 1992) ("Tax returns in the hands of a taxpayer are not privileged."); *Simon v. Whichello*, No. 1:05-CV-333, 2006 WL 2042154, at *2 (N.D. Ind. July 18, 2006). Here, Twilley is seeking damages for, among other things, lost wages; therefore, he has placed his earnings in issue. *See, e.g., Scheffler v. County of Dunn*, No. 08-cv-622-bbc, 2009 WL 1249291, at *1 (W.D. Wis. May 6, 2009) (ordering plaintiff to produce his tax returns because they were relevant to his claim of lost wages).

Moreover, at his deposition, Twilley provided vague or seemingly inconsistent information about his prior earnings. He first testified that he had "no idea" how much he earned in 2007, but later stated that he "averaged $32,000" in 2006 and 2007. (Twilley Dep. 165-66.) Obviously, IBC is entitled to verify Twilley's income for 2007 and 2008, and Twilley has offered no other means to do so. *See Poulos*, 959 F.2d at 75 (acknowledging defendant's need for the plaintiff's tax returns to dispute plaintiff's personal accounting and that defendant had no other reasonable alternative source for the requested information).

In any event, Twilley stated at the hearing that he possesses copies of the requested tax returns and that he will produce them if the Court orders him to do so. He explained that he withheld the returns primarily because of their sensitive nature and the fact that he is proceeding *pro se*, concerned that IBC may be "trying to pull the wool over his eyes" in some way.

Consequently, the Court will GRANT IBC's motion to compel. IBC's request for fees and costs, however, will be DENIED.

### *D. Conclusion*

The motion to compel filed by Defendant (Docket # 27) is GRANTED in that Plaintiff is ORDERED to produce copies of his 2007 and 2008 tax returns on or before September 17, 2009; Defendant's request for fees and costs is DENIED. Plaintiff should provide the copies of the returns to Defendant's counsel, but *not* file them on the record. The Clerk is directed to send a copy of this Opinion and Order to Plaintiff at his last known address.

SO ORDERED. Enter for September 10, 2009.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge